**Opinion issued November 30, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-22-00883-CV**

———————————

**U-HAUL CO. OF TEXAS, Appellant**

**V.**

**JOHAN VELILLA TORO, Appellee**

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-54407**

## MEMORANDUM OPINION

In this interlocutory appeal,[1] appellant, U-Haul Co. of Texas ("U-Haul"),

challenges the trial court's order denying its motion to compel arbitration in the suit

---

[1]      *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016.

of appellee, Johan Velilla Toro, against U-Haul for negligence. In its sole issue, U-Haul contends that the trial court erred in denying its motion to compel arbitration.

We reverse, render, and remand.

## Background

In his first amended petition, Toro alleged that on September 18, 2020, he was driving on Interstate Highway 45, when "the U-Haul trailer he was pulling suddenly and without warning unhitched itself" from Toro's sport utility vehicle ("SUV"). Toro then "stepped out [of his SUV] to try to re-attach the [U-Haul] trailer," and Landon Darrell Mason, who was acting in the course and scope of his employment, "rear-ended [Toro's SUV] thereby causing a major collision." Toro alleged that he suffered "multiple and severe damages[,] including but not limited to personal injuries and property damage."

Toro brought claims against U-Haul for negligence, negligence per se, and gross negligence, asserting that U-Haul negligently connected the U-Haul trailer to Toro's SUV, negligently inspected "the trailer hitch connection," and violated "applicable local, state and federal laws and/or regulations."[2] As a result of U-Haul's negligent acts or omissions, Toro alleged that he sustained damages. Toro sought to recover damages for his past and future medical expenses, past and future pain,

---

[2]     Toro also brought claims against Mason and Ash Automated Control Systems, LLC Mason's employer, for negligence, negligence per se, and gross negligence. They are not parties to this appeal.

2

suffering and mental anguish, past and future physical impairment, past and future physical disfigurement, past lost wages, future loss of earning capacity, and property damage. And Toro sought exemplary damages.

U-Haul filed a motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), seeking to compel Toro to submit his claims against U-Haul to binding arbitration before the American Arbitration Association ("AAA"). According to U-Haul, Toro's suit against it arose from the rental of a trailer from U-Haul that had allegedly "unhitched itself" from Toro's SUV, while Toro was driving on September 18, 2020 in Harris County, Texas. (Internal quotations omitted.) Toro alleged that his SUV was then "rear-ended while [he was] out of his [SUV] trying to re-attach the [U-Haul] [t]railer," and he suffered "multiple and severe damages." (Internal quotations omitted.)

U-Haul asserted that Toro had entered in an Equipment Rental Contract with U-Haul on September 17, 2020, and by signing the Equipment Rental Contract, Toro had "expressly agreed to submit all legal claims in accordance with the U-Haul Arbitration Agreement incorporated by reference" into the Equipment Rental Contract. (Internal quotations omitted.) According to U-Haul, the Arbitration Agreement provided as follows:

> Please read carefully. This mandatory agreement affects your rights. By engaging in a "Transaction," "You" and "U-Haul" voluntarily and knowingly enter into this Agreement which waives your right to sue

3

and bring claims in court, other than as stated below, or have a jury resolve any dispute:

1.　Except as expressly provided in this Agreement, "Claims" shall not be pursued in court (except "Small Claims"), but shall be decided by binding arbitration administered by the [AAA] in accordance with its AAA Consumer Arbitration Rules . . . , and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

2.　For purposes of this Agreement, the following definitions shall apply:

　　a.　"Claims" is broadly interpreted to include any dispute, complaint, controversy, or cause of action related to your Transaction and to U-Haul. Claims, including assigned claims, brought under any legal theory, whether at law or in equity are covered by this Agreement and shall include, but not be limited to, all statutory and tort claims, that may be asserted.

　　b.　"Equipment" means any truck, vehicle, trailer, tow dolly, U-Box container, retail purchase, or physical item related to your Transaction.

　　c.　"Small Claims" means a lawsuit filed in a local court that has jurisdiction to decide cases involving relatively small amounts of money damages.

　　d.　"Transaction" means the commencement, completion, or fulfillment of: A) a request or reservation to rent, use or purchase Equipment or to receive services; and/or B) the use or review of the content of any U-Haul website.

　　e.　"U-Haul" means all subsidiaries, related companies, insurers, parents, agents, affiliates, and/or independent dealers of U-Haul International, Inc., and each of their respective officers, directors, shareholders, managers, employees and other representatives who had anything to do with Your Transaction.

4

f. "You" means the person who engaged in a Transaction and (as applicable) Your respective subsidiaries, affiliates, agents, employees, persons related to You, and Your beneficiaries, estate, spouse, domestic partner, heirs, assigns and other successors-in-interest, as well as all authorized and unauthorized users of the Equipment. "Your" refers to "You."

3. U-Haul and You agree that a U-Haul Transaction affects interstate commerce and that this Agreement shall be governed by the [FAA] . . . .

4. You acknowledge and agree that You have voluntarily chosen to engage in a Transaction with U-Haul rather than a competitor who may offer comparable goods and services but may not require binding arbitration. Arbitration is less formal than court; uses a neutral arbitrator instead of a judge or jury; allows limited discovery; and is subject to limited judicial review. The decision of the arbitrator may be entered or enforced as a final judgment in a court of competent jurisdiction.

5. Claims may only be brought in an individual capacity and in the name of an individual or entity, and may not be joined or consolidated with the claims of any third party unless they arise from the same Transaction, nor may any Claims, including assigned claims, be pursued in court. Claims must proceed on an individual and non-class and non-representative basis. No Claim may be pursued as a class or other collective action. No Claims may be brought in a representative action such as a private attorney general action, or other representative basis. The Arbitrator shall have authority to issue any relief that a court of competent jurisdiction could have awarded only to You or U-Haul individually on a non-class and nonrepresentative basis. If any provision in this paragraph 5 is found to be unenforceable, then the entirety of this Arbitration Agreement shall be null and void, and therefore that claim must be proceed in a court of competent jurisdiction.

(Emphasis omitted.)

5

U-Haul further explained that it was a subsidiary of U-Haul International, Inc. As a subsidiary, it had the authority to enforce the Arbitration Agreement, and Toro had entered into a valid arbitration agreement with U-Haul. Additionally, the alleged collision that was the basis of Toro's suit and his claims against U-Haul, as alleged in his first amended petition, fell within the scope of and were subject to the Arbitration Agreement because the "allegations of negligence [were] related to and arose out of the reservation and service of the" U-Haul trailer and Toro's use of that trailer. By signing the Equipment Rental Contract, Toro specifically agreed to "submit all legal claims in accordance with the Arbitration Agreement, including any dispute, complaint, controversy, or cause of action related to [his] Transaction and to U-Haul." (Internal quotations omitted.)

U-Haul attached to its motion to compel arbitration the affidavit of Robert A. Abidin, the Vice President of U-Haul. Abidin testified that because of his position with U-Haul, he had personal knowledge of the facts stated in his affidavit. Abidin stated that U-Haul was a wholly owned subsidiary of U-Haul International, Inc. and U-Haul International, Inc. was the parent company of U-Haul. Further, according to Abidin, on September 17, 2020, Toro entered an Equipment Rental Contract with U-Haul "for the lease of a 6x12 foot trailer." "Under the terms of the Equipment Rental Contract, . . . Toro agreed to submit all claims to arbitration under the terms of the . . . Arbitration Agreement, which was incorporated by reference and made a

6

part of the Equipment Rental Contract." Abidin explained that attached to his affidavit, as Exhibit A-1, was a true and correct copy of the Equipment Rental Contract between U-Haul and Toro, dated September 17, 2020. Further, according to Abidin, attached to his affidavit, as Exhibit A-2, was a true and correct copy of the Rental Contract Addendum, which included the Arbitration Agreement referenced in the Equipment Rental Contract. Abidin stated that the Rental Contract Addendum was handed to Toro and emailed to Toro at the time he rented the trailer.

The Equipment Rental Contract, attached to Abidin's affidavit as Exhibit A-1, is dated September 17, 2020. It is signed by Toro and "Shelby Cooper" on behalf of U-Haul. It states that Toro will use a Ford Explorer SUV to tow the trailer that he is renting from U-Haul. The Equipment Rental Contract also states that Toro "agree[d] to submit all legal claims in accordance with the U-Haul Arbitration Agreement, incorporated by reference, and available at uhaul.com/arbitration or from [his] local U-Haul representative." And Toro, by signing the Equipment Rental Contract, "acknowledge[d] that [he] ha[d] received and agree[d] to the terms and conditions of [the Equipment] Rental Contract and the Rental Contract Addendum."

The Rental Contract Addendum, attached to Abidin's affidavit as a portion of Exhibit A-2, provides:

U-Haul Arbitration Agreement

Please read carefully. This mandatory agreement affects your rights.

By commencing or making a reservation to, or agreeing to, purchase retail products or purchase of rent "Equipment" from U-Haul, You agree to the terms and conditions of this U-Haul Arbitration Agreement ("Arb Agreement"). For purposes of this Arb Agreement, the definitions of "Equipment[,]" U-Haul[,]" "You[,]" and "Claims" (and the complete terms and conditions) are available at www.uhaul.com/arbitration.

1.    U-Haul and You agree that U-Haul's sales and rentals have an effect on interstate commerce. Therefore, U-Haul and You agree that this Arb Agreement shall be construed and interpreted under the [FAA] . . . .

2.    U-Haul and You agree that any and all Claims between U-Haul and You relating in any way to your rental or purchase from U-Haul shall be submitted to binding Arbitration before the [AAA] in accordance with AAA Consumer Arbitration Rules (www.adr.org/consumer) and the AAA Commercial Arbitration Rules for Large, Complex Matters (www.adr.org/commercial) (Claims seeking $500,000 or more). AAA Rules are also available at www.uhaul.com/arbitration. Judgment may be entered on the Arbitration award by a Court of competent jurisdiction. You and U-Haul agree that Claims submitted to Arbitration shall be decided in a single arbitration before a single Arbitrator who must be on the AAA National Roster of Commercial Arbitrators and selected in accordance with the AAA Rules. Arbitration is more informal than a lawsuit in court. Arbitration uses a neutral arbitrator instead of a judge or jury, allows for more limited discovery than in court, and is subject to very limited review by courts. Arbitrators have the authority to award the same damages and relief that a court can award.

3.    U-Haul and You agree that Claims may only be brought in an individual capacity and in the name of an individual person or entity and that Claims must proceed on an individual and non-class and non-representative basis. U-Haul and You agree that Claims of two or more persons may not be joined or consolidated in the same arbitration unless arising from the same Transaction. Furthermore, U-Haul and You agree that neither You nor U-Haul may pursue the Claims in arbitration as a class action or provide attorney general action or other representative action nor may any such Claims be pursued on either of

our behalf in any court, including assigned claims.  The arbitrator shall have the authority to award relief only on an individual and non-class and non-representative basis.

4.     You acknowledge and agree that You voluntarily and knowingly entered into this Arb[] Agreement, which waives your right to file a lawsuit in court (except for small claims), and chose to rent or purchase from U-Haul rather than one of its competitors who may not have an arbitration agreement.

(Emphasis omitted.)  And the Arbitration Agreement, attached to Abidin's affidavit

as another portion of Exhibit A-2, states:

U-Haul Arbitration Agreement ("Agreement")

Please read carefully.  This mandatory agreement affects your rights. By engaging in a "Transaction," "You" and "U-Haul" voluntarily and knowingly enter into this Agreement which waives your right to sue and bring claims in court, other than as stated below, or have a jury resolve any dispute:

1.     Except as expressly provided in this Agreement, "Claims" shall not be pursued in court (except "Small Claims"), but shall be decided by binding arbitration administered by the [AAA] in accordance with its AAA Consumer Arbitration Rules . . . , and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

2.     For purposes of this Agreement, the following definitions shall apply:

a.     "Claims" is broadly interpreted to include any dispute, complaint, controversy, or cause of action related to your Transaction and to U-Haul.  Claims, including assigned claims, brought under any legal theory, whether at law or in equity are covered by this Agreement and shall include, but not be limited to, all statutory and tort claims, that may be asserted.

9

b. "Equipment" means any truck, vehicle, trailer, tow dolly, U-Box container, retail purchase, or physical item related to your Transaction.

c. "Small Claims" means a lawsuit filed in a local court that has jurisdiction to decide cases involving relatively small amounts of money damages.

d. "Transaction" means the commencement, completion, or fulfillment of: A) a request or reservation to rent, use or purchase Equipment or to receive services; and/or B) the use or review of the content of any U-Haul website.

e. "U-Haul" means all subsidiaries, related companies, insurers, parents, agents, affiliates, and/or independent dealers of U-Haul International, Inc., and each of their respective officers, directors, shareholders, managers, employees and other representatives who had anything to do with Your Transaction.

f. "You" means the person who engaged in a Transaction and (as applicable) Your respective subsidiaries, affiliates, agents, employees, persons related to You, and Your beneficiaries, estate, spouse, domestic partner, heirs, assigns and other successors-in-interest, as well as all authorized and unauthorized users of the Equipment. "Your" refers to "You."

3. U-Haul and You agree that a U-Haul Transaction affects interstate commerce and that this Agreement shall be governed by the [FAA] . . . .

4. You acknowledge and agree that You have voluntarily chosen to engage in a Transaction with U-Haul rather than a competitor who may offer comparable goods and services but may not require binding arbitration. Arbitration is less formal than court; uses a neutral arbitrator instead of a judge or jury; allows limited discovery; and is subject to limited judicial review. The decision of the arbitrator may be entered or enforced as a final judgment in a court of competent jurisdiction.

5.     Claims may only be brought in an individual capacity and in the name of an individual or entity, and may not be joined or consolidated with the claims of any third party unless they arise from the same Transaction, nor may any Claims, including assigned claims, be pursued in court.  Claims must proceed on an individual and non-class and non-representative basis.  No Claim may be pursued as a class or other collective action.  No Claims may be brought in a representative action such as a private attorney general action, or other representative basis.  The Arbitrator shall have authority to issue any relief that a court of competent jurisdiction could have awarded only to You or U-Haul individually on a non-class and non-representative basis.   If any provision in this paragraph 5 is found to be unenforceable, then the entirety of this Arbitration Agreement shall be null and void, and therefore that claim must be proceed in a court of competent jurisdiction.

6.     If this Agreement conflicts with any arbitration provision in the Rental Contract Addendum/Document Holder or any other prior arbitration provision presented to You at the time of the Transaction, this Agreement contains the most recent reiteration of the Agreement and therefore supersedes all prior arbitration provisions and shall control.

7.     Unless otherwise provided in these rules or by mutual agreement, AAA Consumer Arbitration Rules (http://www.adr.org/consumer) will apply to the arbitration of all Claims.

. . . .

20.     Modification.  This Agreement may only be amended by a writing signed by all parties.  Only an officer representing U-Haul may agree on behalf of U-Haul to modify the terms of this Agreement.

(Emphasis omitted.)

In his response to U-Haul's motion to compel arbitration, Toro stated that his suit arose when he sustained personal injuries on September 18, 2020.  According

to Toro, he was driving on Interstate Highway 45 when "the U-Haul trailer he was pulling suddenly and without warning unhitched itself." Toro "stepped out to try and re-attach the trailer when . . . Mason[,] while in the course and scope of employment, failed to keep a proper lookout, and without safety and suddenly and without warning, rear-ended [Toro's SUV] thereby causing a major collision" and injuring Toro.

Toro asserted that his claims against U-Haul were based in negligence because of U-Haul's failure to install and inspect the trailer, which a U-Haul representative had connected to Toro's SUV. And the Arbitration Agreement was "limited to claims arising from [his] rental or purchase from U-Haul." (Internal quotations omitted.) Toro's claims were "beyond the scope of any agreement to arbitrate incorporated by reference" into the Equipment Rental Contract.[3]

In its reply to Toro's response, U-Haul argued that Toro's negligence claims against it fell within the scope of the Arbitration Agreement because they related to Toro's transaction with U-Haul. According to U-Haul, to determine whether a claim falls within the scope of an arbitration agreement, a court must focus on the factual allegations of the complaint, rather than the claims asserted, and it should employ a strong presumption in favor of arbitration.

---

[3] Toro also made certain objections to the evidence U-Haul attached to its motion to compel arbitration.

Here, the Arbitration Agreement required that "Claims" be decided by binding arbitration administered by the AAA. (Internal quotations omitted.) "Claims" was to be "broadly interpreted to include any dispute, complaint, controversy, or cause of action related to [Toro's] Transaction and to U-Haul." (Internal quotations omitted.) And a "Transaction" was "the commencement, completion or fulfillment of: A) a request or reservation to use or purchase Equipment or to receive services," and "Equipment" included "any trailer." (Internal quotations omitted.) Thus, U-Haul argued that Toro's claims related to his Transaction with U-Haul because "the alleged negligence occurred, if at all, during the commencement, completion, or fulfillment of a request or reservation [by Toro] to use the U-Haul trailer."[4]

U-Haul also filed a supplemental brief in support of its motion to compel arbitration. In its brief, U-Haul asserted that the Arbitration Agreement expressly encompassed Toro's tort claims against U-Haul and under the FAA, "a plaintiff who has entered into an arbitration contract may be compelled to arbitrate tort claims within the scope of the arbitration [agreement]." U-Haul noted that the FAA preempted state statutes to the extent that they were inconsistent with the FAA; and thus, "[a]ny [arbitration] limitations the Texas Legislature may have adopted for tort

---

[4]      U-Haul, in its reply, also addressed Toro's objections to the exhibits attached to U-Haul's motion to compel arbitration.

13

lawsuits [were] preempted by the [FAA] and pose[d] no barrier to arbitration in th[e] case."

After a hearing, the trial court denied U-Haul's motion to compel arbitration.

**Standard of Review**

"We review a trial court's order denying a motion to compel arbitration for [an] abuse of discretion." *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without any reference to guiding rules and principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). "We defer to the trial court's factual determinations if they are supported by evidence . . . ." *Henry*, 551 S.W.3d at 115. We review the trial court's legal determinations as to the formation, validity, and enforcement of an arbitration agreement de novo. *See id.*; *Oak Crest Manor Nursing Home, LLC v. Barba*, No. 03-16-00514-CV, 2016 WL 7046844, at *2 (Tex. App.—Austin Dec. 1, 2016, no pet.) (mem op.). A trial court has no discretion in determining what the law is, which law governs, or how to apply the law. *Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 38 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

When an order denying a motion to compel arbitration does not state the grounds for the denial, we must affirm the order if any of the grounds asserted in the trial court for denying the motion are meritorious. *See In re Estate of Guerrero*, 465 S.W.3d 693, 701 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

14

## Motion to Compel Arbitration

In its sole issue, U-Haul argues that the trial court erred in denying its motion to compel arbitration because Toro's claims against U-Haul "are fully arbitrable" as they relate to his Equipment Rental Contract with U-Haul, which contained a valid, unambiguous arbitration agreement. According to U-Haul, under the Arbitration Agreement, which Toro agreed to, "Claims related to Toro's Transaction and to U-Haul [could] not be pursued except in binding arbitration before the [AAA]." (Internal quotations omitted.) Further, U-Haul asserts that the FAA preempts "any part of Texas law to the extent it imposes additional requirements on the arbitration of personal injury claims."

The FAA generally governs arbitration provisions in contracts involving interstate commerce.[5] *See* 9 U.S.C. § 2; *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011). Parties may also expressly agree to arbitrate under the FAA. *In re Rubiola*, 334 S.W.3d at 223. The FAA requires the enforcement of valid agreements to arbitrate. *See* 9 U.S.C. § 2; *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 121 (Tex. 2018); *Taylor Morrison of Tex., Inc. v. Goff*, No. 01-21-00404-CV, 2022 WL 1085714, at *8 (Tex. App.—Houston [1st Dist.] Apr. 12, 2022, no pet.) (mem. op.). "Section 2 of the FAA states [that] arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for

---

[5] The parties do not dispute that the Arbitration Agreement is governed by the FAA.

the revocation of any contract.'" *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 891 (Tex. 2010) (quoting 9 U.S.C. § 2). "The FAA reflects the fundamental principle that arbitration is a matter of contract." *Wagner v. Apache Corp.*, 627 S.W.3d 277, 283 (Tex. 2021) (internal quotations omitted). Arbitration agreements are on equal footing with other contracts and must be enforced according to their terms. *Id.*

A party seeking to compel arbitration under the FAA must establish that (1) there is a valid arbitration agreement and (2) the claims in dispute fall within that agreement's scope. *In re Rubiola*, 334 S.W.3d at 223; *SK Plymouth, LLC v. Simmons*, 605 S.W.3d 706, 714 (Tex. App.—Houston [1st Dist.] 2020, no pet.). "If the party seeking arbitration carries its initial burden, the burden then shifts to the party resisting arbitration to present evidence on [his] defenses to the arbitration agreement." *Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 134–35 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (internal quotations omitted).

The trial court's determination as to whether a valid arbitration agreement exists is a legal question that we review de novo. *See Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 633 (Tex. 2018); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). While there is a strong policy favoring arbitration, this policy does not apply to the initial determination whether there is a valid arbitration agreement. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732,

737–38 (Tex. 2005). The presumption favoring arbitration arises only after the party seeking to compel arbitration establishes a valid agreement to arbitrate because "the purpose of the FAA [is] to make arbitration agreements as enforceable as other contracts, not more so." *Id.*

To determine whether there was a valid agreement to arbitrate, we apply ordinary principles of state contract law. *Simmons*, 605 S.W.3d at 715. The elements of a valid contract are (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

Here, U-Haul and Toro both signed the Equipment Rental Contract, under which Toro rented a trailer from U-Haul in exchange for payment. The Equipment Rental Contract states that by signing the contract Toro "agree[d] to submit all legal claims in accordance with the . . . Arbitration Agreement, incorporated by reference, and available at uhaul.com/arbitration or from [his] local U-Haul representative." *See In re Raymond James & Assocs., Inc.*, 196 S.W.3d 311, 318–19 (Tex. App.— Houston [1st Dist.] 2006, orig. proceeding) ("A person who signs a contract is presumed to have read and understood the contract and to have fully comprehended its legal effect, unless he establishes fraud in the inducement or mental incapacity.").

17

The Equipment Rental Contract also states that by signing the contract Toro "acknowledge[d] that [he] ha[d] received and agree[d] to the terms and conditions of [the Equipment] Rental Contract and the Rental Contract Addendum."[6]

The doctrine of incorporation by reference allows an unsigned document to be incorporated by reference into a contract. *Owen v. Hendricks*, 433 S.W.2d 164, 166 (Tex. 1968); *In re Raymond James & Assocs.*, 196 S.W.3d at 318. "The language used is not important provided the [contract] signed by the [party] plainly refers to another writing." *Owen*, 433 S.W.2d at 166. Generally, "any description, recital of fact, or reference to other documents puts the [party] upon inquiry, and he is bound to follow up this inquiry, step by step, from one discovery to another and from one instrument to another," until he obtains "complete knowledge" of all matters referred to. *Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 908 (Tex. 1982) (emphasis and internal quotations omitted). However, some restrictions on the reference do exist. The incorporated document must be

---

[6] As noted previously, the Rental Contract Addendum similarly informed Toro of the existence of the Arbitration Agreement and that by renting a trailer from U-Haul, he was "agree[ing] to the terms and conditions" of the Arbitration Agreement. Additionally, the Rental Contract Addendum, itself, stated that by renting a trailer from U-Haul, Toro agreed:

> that any and all Claims between U-Haul and [Toro] relating in any way to [his] rental or purchase from U-Haul shall be submitted to binding Arbitration before the [AAA] in accordance with AAA Consumer Arbitration Rules (www.adr.org/consumer) and the AAA Commercial Arbitration Rules for Large, Complex Matters (www.adr.org/commercial) (Claims seeking $500,000 or more).

referenced by name in the contract. *Stewart & Stevenson, LLC v. Galveston Party Boats, Inc.*, Nos. 01-09-00030-CV, 01-09-00111-CV, 2009 WL 3673823, at *11 (Tex. App.—Houston [1st Dist.] Nov. 5, 2009, not pet.) (mem. op.); *Gray & Co. Realtors, Inc. v. Atl. Hous. Found., Inc.*, 228 S.W.3d 431, 436 (Tex. App.—Dallas 2007, no pet.).

Here, the Equipment Rental Contract specifically references the Arbitration Agreement by name and tells Toro that he can obtain a copy of the Arbitration Agreement at "uhaul.com/arbitration or from [his] local U-Haul representative." *See, e.g.*, *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 269 (5th Cir. 2011) ("[U]nder admiralty law—which generally follows the common law of contracts in resolving maritime contract disputes—maritime contracts may validly incorporate terms from a website in the same manner that they may incorporate by reference terms from paper documents . . . ."); *Am. Specialty Lab, LLC v. GenTech Sci., Inc.*, No. 17-CV-1187S, 2020 WL 5367061, at *4 (W.D.N.Y. Sept. 8, 2020) (order) (explaining principles of incorporation by reference apply to terms and conditions included on website). Further, it specifically states that by signing the Equipment Rental Contract Toro "agree[d] to submit all legal claims in accordance with the . . . Arbitration Agreement" which was "incorporated by reference" into the Equipment Rental Contract. *See Bob Montgomery Chevrolet, Inc. v. Dent Zone Cos.*, 409 S.W.3d 181, 189 (Tex. App.—Dallas Aug. 5, 2013, no

19

pet.) (where language of signed document showed parties intended for other unsigned document to become part of agreement, unsigned document was incorporated by reference). Thus, even if the Arbitration Agreement was not attached to the Equipment Rental Contract, even if Toro did not see the Arbitration Agreement when he signed the Equipment Rental Contract, and even if the Arbitration Agreement was not signed by Toro, Toro was on notice that there was an Arbitration Agreement, that it contained a binding arbitration clause, and that it was incorporated into the Equipment Rental Contract by reference. *See In re Raymond James & Assocs.*, 196 S.W.3d at 318–19; *see also St. David's Healthcare P'ship, LP v. Fuller*, 627 S.W.3d 707, 710–11 (Tex. App.—Austin 2021, pet. dism'd) (under FAA signature on arbitration agreement not required for agreement to be valid); *LDF Constr., Inc. v. Tex. Friends of Chabad Lubavitch, Inc.*, 459 S.W.3d 720, 726–30 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (no requirement that incorporated document containing arbitration clause be attached to the contract for clause to be enforceable); *Teal Constr. Co./Hillside Villas Ltd. v. Darren Casey Interests, Inc.*, 46 S.W.3d 417, 420 (Tex. App.—Austin 2001, pet. denied) (holding unsigned arbitration agreement contained in document incorporated by reference into signed contract constituted enforceable arbitration agreement).

We conclude that the Equipment Rental Contract incorporated the terms of the Arbitration Agreement on the date that Toro signed it in September 2020 and that U-Haul established the existence of a valid arbitration agreement. *See LDF Constr., Inc.*, 459 S.W.3d at 726–30 (holding contract incorporated separate document with arbitration clause, even though separate document was not attached to contract, was unsigned, and party opposing arbitration averred it had not received a copy of, known about, or read separate document); *Bob Montgomery Chevrolet*, 409 S.W.3d at 189 ("The language used to refer to the incorporated document is not important as long as the signed document plainly refers to the incorporated document." (internal quotations omitted)); *see also In re Raymond James & Assocs.*, 196 S.W.3d at 318 ("An arbitration agreement is not invalid or unenforceable merely because it is contained in a document incorporated into a contract by reference." (internal quotations omitted)).

In his response to U-Haul's motion to compel arbitration, Toro attacked the evidence that U-Haul attached to its motion to compel arbitration to assert that U-Haul did not meet its burden to establish that there was a valid arbitration agreement between the parties.

The evidentiary standards for a motion to compel arbitration are the same as for a motion for summary judgment. *Gracepoint Holding Co. v. FJR Sand, Inc.*, No. 01-19-00574-CV, 2020 WL 61594, at *4 (Tex. App.—Houston [1st Dist.] Jan. 7,

21

2020, no pet.) (mem. op.). Under the summary-judgment standard, copies of documents must be authenticated to constitute competent summary-judgment evidence. *See Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986); *Gracepoint Holding*, 2020 WL 61594, at *4. A proper affidavit stating that documents attached to a motion are true and correct copies of the originals is sufficient to authenticate the copies which may then be considered as summary-judgment evidence. *See Republic Nat'l Leasing*, 717 S.W.2d at 607; *In re Estate of Guerrero*, 465 S.W.3d at 704.

As noted above, U-Haul attached to its motion to compel arbitration the affidavit of Abidin, its Vice President. Abidin testified that because of his position with U-Haul, he had personal knowledge of the facts stated in his affidavit. Abidin stated that U-Haul was a wholly owned subsidiary of U-Haul International, Inc. and U-Haul International, Inc. was the parent company of U-Haul. Further, according to Abidin, on September 17, 2020, Toro entered an Equipment Rental Contract with U-Haul "for the lease of a 6x12 foot trailer." As Abidin explained, "[u]nder the terms of the Equipment Rental Contract, . . . Toro agreed to submit all claims to arbitration under the terms of the . . . Arbitration Agreement, which was incorporated by reference and made a part of the Equipment Rental Contract." Abidin explained that attached to his affidavit, as Exhibit A-1, was a true and correct copy of the Equipment Rental Contract between U-Haul and Toro, dated September

22

17, 2020. Further, attached to his affidavit, as Exhibit A-2, was a true and correct copy of the Rental Contract Addendum, which included the Arbitration Agreement referenced in the Equipment Rental Contract. Abidin stated that the Rental Contract Addendum was handed to Toro and emailed to Toro at the time he rented the trailer from U-Haul.

In the trial court, Toro first objected to the evidence attached to U-Haul's motion to compel arbitration, asserting that Exhibit A-2 did not contain a document "entitled 'Rental Contract Addendum.'" That is simply incorrect. A document titled Rental Contract Addendum is attached to Abidin's affidavit as a portion of Exhibit A-2. Additionally, we note that Toro waived this objection to Exhibit A-2 by failing to obtain a ruling on it from the trial court. *See In re Longoria*, 470 S.W.3d 616, 630–31 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding) (ruling on merits of summary-judgment motion is not "an implicit ruling on evidentiary objections to summary[-]judgment evidence and the prevailing party cannot avoid waiver of its evidentiary objections by arguing that it received a favorable ruling on the merits of the motion"); *N.M. State Univ. v. Winfrey*, No. 11-10-00213-CV, 2011 WL 3557239, at *3 (Tex. App.—Eastland Aug. 11, 2011, no pet.) (mem. op.) (where appellee failed to obtain ruling on his objections to affidavit, he did not preserve error); *see also Houston ANUSA, LLC v. Shattenkirk*, No. 14-20-00446-CV, --- S.W.3d ---, 2023 WL 5437714, at *4 n.1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, no

23

pet.) (appellee waived objections to evidence attached to motion to compel arbitration because he failed to obtain ruling from trial court).

Toro next objected to the evidence attached to U-Haul's motion to compel arbitration, asserting that nothing in Exhibit A-2 indicated that the Rental Contract Addendum and the Arbitration Agreement "would have been the documents in effect at th[e] time" Toro signed the Equipment Rental Contract. Again, Toro did not obtain a ruling from the trial court on his objection to Exhibit A-2, and thus, he has waived any objection to Exhibit A-2 on this basis. *See In re Longoria*, 470 S.W.3d at 630–31; *Winfrey*, 2011 WL 3557239, at *3; *see also Shattenkirk*, 2023 WL 5437714, at *4 n.1.

In any event, the Equipment Rental Contract acknowledges the existence of both the Arbitration Agreement and the Rental Contract Addendum, and it specifically references both documents. By signing the Equipment Rental Contract, Toro "acknowledge[d] that [he] ha[d] received and agree[d] to the terms and conditions of [the Equipment] Rental Contract and the Rental Contract Addendum" and he "agree[d] to submit all legal claims in accordance with the . . . Arbitration Agreement" that was "incorporated by reference" into the Equipment Rental Contract and "available at uhaul.com/arbitration or from [his] U-Haul representative."

24

Further, in his affidavit, Abidin testified that because of his position with U-Haul, he had personal knowledge of the facts stated in his affidavit. And according to Abidin, on September 17, 2020, Toro entered an Equipment Rental Contract with U-Haul "for the lease of a 6x12 foot trailer." Further, "[u]nder the terms of the Equipment Rental Contract, . . . Toro agreed to submit all claims to arbitration under the terms of the . . . Arbitration Agreement, which was incorporated by reference and made a part of the Equipment Rental Contract." Abidin explained that attached to his affidavit, as Exhibit A-1, was a true and correct copy of the Equipment Rental Contract between U-Haul and Toro, dated September 17, 2020. Further, Abidin testified that attached to his affidavit as Exhibit A-2 was a true and correct copy of the Rental Contract Addendum and a true and correct copy of the Arbitration Agreement that was referenced in the Equipment Rental Contract that Toro signed. *See Mackey v. Great Lakes Invs., Inc.*, 255 S.W.3d 243, 252 (Tex. App.—San Antonio 2008, pet. denied) ("A properly sworn affidavit . . . stating the attached documents are true and correct copies of the originals authenticates the copies so that they may be considered as summary[-]judgment evidence."). Abidin testified that the Rental Contract Addendum was handed to Toro and emailed to Toro at the time he rented the trailer.[7]

---

[7] Toro offered no evidence controverting Abidin's testimony.

25

Finally, Toro, in a single sentence in his response to U-Haul's motion to compel arbitration, objected to the evidence attached to U-Haul's motion, asserting that Exhibit A-2 was not properly authenticated and should "not be considered in th[e] proceeding." Toro did not obtain a ruling from the trial court on this objection to Exhibit A-2, and thus, he has waived his authentication objection to Exhibit A-2. *See Northpointe LTC, Ltd. v. Durant*, No. 01-22-00215-CV, 2022 WL 17835223, at *7 (Tex. App.—Houston [1st Dist.] Dec. 22, 2022, no pet.) (mem. op.) ("[Appellee] did not object to [the] declaration or seek a ruling from the trial court on her authenticity concerns. Her failure to secure such a ruling from the trial court failed to preserve the issue for [appellate] review."); *In re Longoria*, 470 S.W.3d at 630 ("A defect in the form of authentication of documents, i.e., a defect in the affidavit attempting to authenticate the attached documents, is waived without an objection in, and a ruling from, the trial court."); *Williams v. Bad-Dab, Inc.*, No. 01-11-00102-CV, 2012 WL 3776347, at *6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, no pet.) (mem. op.) ("Objections to hearsay, improper authentication, or lack of foundation are defects in form, which require a ruling for appellate review.")

Additionally, as explained above, we note that a party can satisfy its evidentiary burden to prove the existence of an arbitration agreement by submitting an authenticated copy of an agreement containing an arbitration clause. *DISH Network L.L.C. v. Alexander*, No. 13-20-00240-CV, 2021 WL 3085763, at *3 (Tex.

26

App.—Corpus Christi–Edinburg July 22, 2021, pet. denied) (mem. op.); *ReadyOne*

*Indus., Inc. v. Casillas*, 487 S.W.3d 254, 258–59 (Tex. App.—El Paso 2015, no pet.).

A document is considered authentic if a witness vouches for its authenticity or if the

document meets the requirement of self-authentication. TEX. R. EVID. 901(a), 902.

Testimony of a witness with knowledge is one way to prove authenticity. *See* TEX.

R. EVID. R. 901(b)(1). In a summary proceeding, "[a] properly sworn affidavit

stating that the attached documents are true and correct copies of the original

authenticates the copies so they may be considered as . . . evidence." *In re Estate of*

*Guerrero*, 465 S.W.3d at 704.

Here, U-Haul authenticated Exhibit A-2, which contained the Rental

Contract Addendum and the Arbitration Agreement, with Abidin's affidavit.[8] *See*

TEX. R. EVID. 901; *DISH Network*, 2021 WL 3085763, at *3 ("A document is

considered authentic if a sponsoring witness vouches for its authenticity or if the

---

[8] To the extent that Toro, in his appellee's brief, attempts to raise additional objections to the evidence attached to U-Haul's motion to compel arbitration to support his argument that U-Haul did not meet its burden of establishing the existence of a valid arbitration agreement, these objections were not raised in the trial court and thus cannot be reviewed on appeal. We note that Toro does, in three sentences in his appellee's brief, assert that a statement in Abidin's affidavit is conclusory. An assertion that an affidavit is conclusory can be raised for the first time on appeal. *See Pipkin v. Kroger Tex. L.P.*, 383 S.W.3d 655, 670 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Yet, we conclude that Abidin's affidavit is not conclusory; it furnishes some factual information that could have been rebutted and contains enough underlying facts to support an order compelling arbitration if not rebutted. *See Houston ANUSA, LLC v. Shattenkirk*, No. 14-20-00446-CV, --- S.W.3d ---, 2023 WL 5437714, at *4 n.1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, no pet.).

document meets the requirement of self-authentication."); *Valenzuela v. State & Cnty. Mut. Fire Ins., Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (affiant's position or job responsibilities can qualify affiant to have personal knowledge of facts and establish how affiant learned of facts). Thus, we conclude that even if Toro had preserved his objections to U-Haul's evidence, his objections are unavailing and do not negate the fact that U-Haul established a valid arbitration agreement between it and Toro.

Because we have concluded that U-Haul established the existence of a valid arbitration agreement, we now consider whether it also established that Toro's claims against it fall within the scope of the Arbitration Agreement.[9] *See In re Rubiola*, 334 S.W.3d at 223; *Simmons*, 605 S.W.3d at 714.

Whether the scope of an arbitration agreement encompasses the claims in dispute is a question of law that we review de novo. *Amateur Athletic Union of the U.S., Inc. v. Bray*, 499 S.W.3d 96, 102 (Tex. App.—San Antonio 2016, no pet.). When determining whether a particular claim falls within the scope of an arbitration agreement, courts employ a strong presumption in favor of arbitration. *In re Rubiola*, 334 S.W.3d at 225; *Prudential Secs. Inc. v. Marshall*, 909 S.W.2d 896, 899

---

[9] In his appellee's brief, Toro does not contest that his claims against U-Haul fall within the scope of the Arbitration Agreement.

28

(Tex. 1995) (explaining "any doubts as to whether . . . claims fall within the scope of the agreement must be resolved in favor of arbitration" under FAA).

To determine whether a claim falls within the scope of the arbitration agreement, we focus on the factual allegations in the plaintiff's petition, rather than the legal causes of action asserted, and the terms of the arbitration agreement. *In re Rubiola*, 334 S.W.3d at 225. Claims must be submitted to arbitration if "liability arises solely from the contract or must be determined by reference to it." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 132 (Tex. 2005); *see also Glassell Producing Co. v. Jared Res., Ltd.*, 422 S.W.3d 68, 77 (Tex. App.—Texarkana 2014, no pet.). If the facts alleged touch matters, have a significant relationship to, are inextricably enmeshed with, or are factually intertwined with the contract containing the arbitration agreement, then the claim is arbitrable. *Rodriguez v. Tex. Leaguer Brewing Co.*, 586 S.W.3d 423, 432 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *Bray*, 499 S.W.3d at 105; *Cotton Com. USA, Inc. v. Clear Creek Indep. Sch. Dist.*, 387 S.W.3d 99, 108 (Tex. App.—Houston [14th Dist.] 2012, no pet.). In contrast, a "claim is not subject to arbitration only if the facts alleged in support of the claim are completely independent of the contract and the claim could be maintained without reference to the contract." *Glassell Producing Co.*, 422 S.W.3d at 77; *see also Cotton Com. USA, Inc.*, 387 S.W.3d at 108. "Doubts regarding an [arbitration] agreement's scope are resolved in favor of arbitration because there is

29

a presumption favoring agreements to arbitrate under the FAA." *In re Kellogg Brown*, 166 S.W.3d at 737 (emphasis omitted).

In his first amended petition, Toro alleged that on September 18, 2020, he was driving on Interstate Highway 45, when "the U-Haul trailer he was pulling suddenly and without warning unhitched itself" from Toro's SUV. Toro then "stepped out [of his SUV] to try to re-attach the [U-Haul] trailer," and Mason "rear-ended [Toro's SUV] thereby causing a major collision." Toro alleged that he suffered "multiple and severe damages[,] including but not limited to personal injuries and property damage."

Toro brought claims against U-Haul for negligence, negligence per se, and gross negligence, asserting that U-Haul negligently connected U-Haul's trailer that Toro rented to Toro's SUV, negligently inspected "the trailer hitch connection," and violated "applicable local, state and federal laws and/or regulations." As a result of U-Haul's negligent acts or omissions, Toro sustained damages.

The Equipment Rental Contract, which Toro signed, states that he "agree[d] to submit all legal claims" against U-Haul "in accordance with the . . . Arbitration Agreement," which was "incorporated by reference," into the Equipment Rental Contract and "available at uhaul.com/arbitration or from [his] local U-Haul representative." Further, the Arbitration Agreement provides that any "Claims" by

Toro against U-Haul "shall not be pursued in court (except 'Small Claims'),[10] but shall be decided by binding arbitration administered by the [AAA] in accordance with its AAA Consumer Arbitration Rules . . . , and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof."  (Internal quotations omitted).  "Claims" is "broadly" defined to "include any dispute, complaint, controversy, or cause of action related to [Toro's] Transaction[11] and to U-Haul."  (Internal quotations omitted.)  *See DISH Network*, 2021 WL 3085763, at *6 ("Arbitration clauses in which the scope is defined using 'relating to' and similar wide-reaching phrases are interpreted broadly."); *AutoNation USA Corp. v. Leroy*, 105 S.W.3d 190, 195–96 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (recognizing language requiring arbitration of claims "arising out of or relating to" particular contract is broad language favoring arbitration (internal quotations omitted)); *see also  Kirby Highland Lakes Surgery Ctr., L.L.P. v. Kirby*, 183 S.W.3d 891, 898 (Tex. App.—Austin 2006, orig. proceeding) (noting arbitration clause embracing "[a]ll disputes or controversies arising under or related to th[e]

---

[10]  The parties do not appear to dispute that Toro's claims against U-Haul do not constitute "Small Claims" as they are defined in the Arbitration Agreement. (Internal quotations omitted.)

[11]  "Transaction" is defined to mean "the commencement, completion, or fulfillment of: A) a request or reservation to rent, use or purchase Equipment or to receive services; and/or B) the use or review of the content of any U-Haul website." (Internal quotations omitted.)  "Equipment" is defined as "any truck, vehicle, trailer, tow dolly, U-Box container, retail purchase, or physical item related to [Toro's] Transaction."  (Internal quotations omitted.)

31

Agreement" was "extremely broad" and "capable of expansive reach" (first alteration in original) (emphasis and internal quotations omitted)). Further, under the Arbitration Agreement, "Claims, including assigned claims, brought under any legal theory, whether at law or in equity are covered by th[e] [Arbitration] Agreement and shall include, but not be limited to, all statutory and tort claims, that may be asserted."

There is a presumption favoring arbitration and a policy to construe arbitration agreements broadly. *See Henry*, 551 S.W.3d at 115–16; *SCI Tex. Funeral Servs., LLC v. Gonzalez*, No. 13-21-00453-CV, 2023 WL 3637979, at *5 (Tex. App.—Corpus Christi–Edinburg May 25, 2023, no pet.) (mem. op.). The presumption in favor of arbitration "is so compelling that a court should not deny arbitration unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Marshall*, 909 S.W.2d at 899 (emphasis and internal quotations omitted).

Here, the Arbitration Agreement applies to any dispute, complaint, controversy, or cause of action related to Toro's rental of the trailer from U-Haul. Given the presumption in favor of arbitration and the policy in construing arbitration agreements broadly, it follows that the Arbitration Agreement applies here because Toro's claims against U-Haul constitute either a dispute, complaint, controversy, or cause of action related to Toro's rental of the trailer from U-Haul. *See, e.g.*, *Henry*,

32

551 S.W.3d at 115–16; *St. Mary's Hall, Inc. v. Garcia*, No. 04-21-00073-CV, 2022 WL 789498, at *4 (Tex. App.—San Antonio Mar. 16, 2022, no pet.) (mem. op.) ("The Agreement contains a broadly written arbitration clause, and the allegations touch matters, have a significant relationship with, or are inextricably enmeshed or factually intertwined with the Agreement."); *In re Conseco Fin. Servicing Corp.*, 19 S.W.3d 562, 570 (Tex. App.—Waco 2000, orig. proceeding) (holding broad provision requiring arbitration of any claims "arising from or relating to" contract encompassed claimant's statutory and tort claims although these claims were not based on the formation, negotiation, terms, or performance of the contract (internal quotations omitted)); *see also SSC Wimberley Operating Co. v. Goodman*, 665 S.W.3d 729, 736 (Tex. App.—San Antonio 2023, no pet.) (where arbitration clause stated "all claims, controversies or disputes relating to [the plaintiff's] application for employment, . . . employment and/or termination of employment" would be resolved through arbitration, explaining that such language was "quite broad"); *SCI Tex. Funeral Servs., L.L.C. v. Montoya*, No. 13-19-0008-CV, 2020 WL 5582367, at *8–9 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2020, no pet.) (mem. op.) (appellees' factual allegations in pleadings fell within broadly written arbitration clause which mandated arbitration for "any claim purchaser may have against the seller," even though appellees claims legally arose from common law tort duties rather than from the contract between the parties (emphasis and internal quotations

omitted)).  Thus, we conclude that U-Haul established that Toro's claims against it fall within the scope of the Arbitration Agreement.[12]

Based on the foregoing, we hold that the trial court erred in denying U-Haul's motion to compel arbitration.

We sustain U-Haul's sole issue.

---

[12] Since U-Haul carried its initial burden of establishing a valid arbitration agreement and that Toro's claims against it fall within the scope of that agreement, the burden then shifted to Toro "to present evidence on [his] defenses to the arbitration agreement." *Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 134–35 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  Toro, though, has not asserted any defenses.

## Conclusion

We reverse the trial court's order denying U-Haul's motion to compel arbitration. We render judgment granting U-Haul's motion to compel arbitration and ordering the referral to arbitration of Toro's claims against U-Haul. We remand this case to the trial court for further proceedings consistent with this opinion, including the granting of an appropriate stay. *See Faust Distrib. Co. v. Verano*, 01-21-00460-CV, 2022 WL 3588423, at \*10 (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, no pet.) (mem. op.). We lift the stay imposed by our January 10, 2023 order.

Julie Countiss
Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.